FILED
2008 Aug-04 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# APPLICATION FOR ORIGINAL LICENSE

DEC 19 2003



Deferred Presentment Services Act
State Banking Department
401 Adams Avenue, Suite 680
Montgomery, Alabama 36130

For Department Use Only
Lic #: _____  ID #: _____
Only 359: _____  Also 597: ✓
Lic $: _____  Inv $: _____
Issue Date: _____

TO THE STATE BANKING DEPARTMENT, STATE OF ALABAMA:

Application is hereby made to engage in the business of deferred presentment services pursuant to Act 2003-359.

APPLICANT: FIRST CREDIT INC.
D/B/A (if different): QUIK CASH
Applicant is a Corporation __X__ Partnership _____ Individual _____ Other _____ (identify)

PHYSICAL LOCATION: Street: 102 E. WALNUT ST.
County: ETOWAH    City: GADSDEN    State: AL    Zip: 35903
Phone: 256-546-1400    Fax: _____

DEPARTMENT CORRESPONDENCE SHOULD BE DIRECTED TO:
Name: FIRST CREDIT INC.    Phone: 256-891-1804
Address – Street/PO Box: 10745 HWY. 431
City: ALBERTVILLE    State: AL    Zip: 35950
E-mail Address: _____

COMPLETE THE FOLLOWING FOR EACH OWNER, MEMBER, OFFICER AND DIRECTOR AS APPLICABLE:

Name: Eugena Collings    Title: PRES.    Ownership %: 100
Residence Address: 12208 CO. RD. 52 GERALDINE AL. 35974
Business Address: 10745 US HWY 431 ALBERTVILLE AL. 35950

Name: _____    Title: _____    Ownership %: _____
Residence Address: _____
Business Address: _____

Name: _____    Title: _____    Ownership %: _____
Residence Address: _____
Business Address: _____

Name: _____    Title: _____    Ownership %: _____
Residence Address: _____
Business Address: _____

(Continue on attachment if necessary)

Has the Applicant or any of its owners, members, directors or officers been convicted of a felony or any crime involving breach of trust, fraud or dishonesty?    Yes: _____    No: __X__
If yes, explain on separate sheet.

Has the Applicant or any of its owners, members, directors or officers had a lender or deferred presentment license denied, revoked or suspended by any government agency?    Yes: _____    No: __X__
If yes, which state(s)? _____

ABL 0016

Has the Applicant or any of its owners, members, directors or officers had any court findings of fraud against them?

Yes: _____   No: _X_   If yes, explain on separate sheet.

Does the Applicant operate other locations in Alabama or any other state?   YES   No: _____

If yes, complete the following:

| Name of State | Trade Name | Date Originally Licensed |
|---|---|---|
| ALABAMA | FIRST CREDIT INC. | 12-10-03 |

(Continue on attachment if necessary)

THE FOLLOWING MUST ACCOMPANY THIS APPLICATION OR YOUR APPLICATION WILL BE RETURNED.

ATTACHMENT 1.   A summary of the professional and education background and experience of each owner, member, director and officer.

ATTACHMENT 2.   A certified copy of the Applicant's Articles of Incorporation and By-Laws, partnership agreement, or Articles of Organization. If Applicant is an out-of-state company, also attach a Certificate of Authority issued by the Alabama Secretary of State.

ATTACHMENT 3.   Applicant's most recent financial statement showing at least $20,000 in unencumbered cash assets prepared in accordance with standard accounting practices under the supervision of a CPA.

ATTACHMENT 4.   A true copy of the Applicant's customer Agreement.

ATTACHMENT 5.   A properly executed Department of Public Safety "Release Form" (enclosed).

ATTACHMENT 6.   A properly executed State Banking Department "Credit Report Release Form" (enclosed).

ATTACHMENT 7.   A statement of other business, if any, which Applicant proposes to conduct from the same location.

ATTACHMENT 8.   A certified check for $100 for the investigation fee and a separate certified check for $500 for the annual license fee, made payable to the STATE BANKING DEPARTMENT.

## AFFIDAVIT

I, __Eujena Collinge__, the undersigned, being the __Pres.__ of __FIRST CREDIT INC.__ [Officer (Title), Partner or Owner]

swear (or affirm) to the best of my knowledge and belief that the statements contained in this application are true and complete. I understand that inaccurate responses will be grounds for denial or revocation of this license.

This __10th__ day of __DECEMBER__, __2003__.

_____
Signature

Sworn and subscribed to before me this __10th__ day of __DECEMBER__ A.D. 20__03__.

_____
Notary Public

8/1/2003

GAYE FREEMAN, MARSHALL CO.
NOTARY PUBLIC STATE OF ALABAMA
MY COMMISSION EXPIRES AUGUST 1, 2007

ABL 0017

## ALABAMA DEFERRED PRESENTMENT AGREEMENT

In this Deferred Presentment Agreement (this "Agreement"), the words "I", "you" and "your" mean the Customer and all who have signed as Customer. The words "we", "us" and "our" mean the Licensee listed on this Agreement.

| Agreement No. | Agreement Date: | Presentment Date: |
|---|---|---|

| Creditor / Licensee: | Customer: |
|---|---|
| FIRST CREDIT INC. | Identification Number: |

### FEDERAL TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| % | $ | $ | $ |

PAYMENT SCHEDULE: One payment in the amount of $          due on
SECURITY: No security interest has been given.
PREPAYMENT: There will be no rebate of the Finance Charge if this Agreement is prepaid before the Presentment Date.
See the rest of this Agreement for additional information about nonpayment, default, late payment charges and any required repayment before the scheduled Presentment Date and prepayment refunds and penalties.

Itemization of the Amount Financed of $           .   1. Amount Paid Directly to You: $
Deferred Presentment Fee:              % of the cash advanced.
The above is a disclosure required by the Federal Truth-In-Lending Act. The amount stated in the Amount Financed box above consists solely of the amount of cash the Customer was given in exchange for the Customer's check. The amount shown above in the Finance Charge box is a Service Fee and not Interest. You hereby deliver to us at the above address your Check No.           drawn on
in the amount of $           (the "Check"). We (a) hereby give you $           in cash, and (b) agree to hold the Check until the presentment date, as set out above, before depositing it. In consideration for our cashing and delaying the deposit of the Check you agree to pay a service charge in the amount shown in the Finance Charge box above, and to cause the Check to be paid by your bank on the presentment date.
**TRUTH OF APPLICATION:** You certify that the information stated on this Agreement is true and correct. You also warrant and represent that you are not a debtor under any proceeding in bankruptcy, insolvency or reorganization and have no intention to file a petition for relief under any chapter of the United States bankruptcy code as presently published and existing. You understand that we are relying upon the application and this agreement. You authorize us to verify any information through any source including use of a credit report.
**METHOD OF PAYMENT:** Your personal check in the amount of the total of payments stated in our disclosures will be held by us until the presentment date. If you have not paid us in cash or by other good funds instrument in the amount of the Total of Payments on or before the presentment date, you authorize us to deposit the check or initiate an ACH debit to your bank account to satisfy this obligation. If payment is made prior to the deposit of your personal check or ACH debit to your bank account, we will return the check to you at the time we receive payment.
**TIME.** It is essential that you make your payments and keep all your promises under this agreement on time.
**PREPAYMENT:** If you payoff this agreement early, you will not be entitled to a refund of part of the Finance Charge.
**DEFAULT:** You will be in default under this agreement if: (a) you stop payment on the check or otherwise fail to pay the total of payments on or before the presentment date stated on this agreement, or (b) you provide false or misleading information about yourself, your employment or your financial condition (including the account on which the check is drawn) prior to entering this agreement.
**THINGS WE HAVE THE RIGHT TO DO TO PROTECT OURSELVES IF YOU DEFAULT.** Whenever you are in default under this agreement we can go to court and get a judgment against you for the then unpaid amount of your debt. If the check presented on this agreement is found to be altered, forged, stolen, obtained through fraudulent or illegal means, negotiated without proper legal authority or represents the proceeds of illegal activity, the licensee is required to notify the District Attorney of the circuit in which the check was received.
**RETURNED CHECK CHARGES:** A returned check charge of $30.00 may be charged for the return by a bank or other depository institution of a dishonored check, negotiable order of withdrawal, electronic withdrawal, or share draft issued by the consumer; however, only one such fee may be collected with respect to any particular transaction. You authorize us to initiate an ACH debit to your bank account to satisfy this obligation.
**COURT COSTS:** If we have to go to court to collect the check we may recover from you our court cost and reasonable attorney's fee. The attorney's fee may not exceed 15 percent of the face amount of the check or debit authorization.
**CUSTOMER'S BANK CHARGES:** You will not hold us or our agents responsible for depositing any check(s) or for any fees you must pay as a result of any check(s) being deposited at your bank on or after the presentment date.
**OTHER DEFERRED DEPOSIT TRANSACTIONS:** You hereby certify that the amount advanced to you under this agreement, together with any other amounts currently outstanding, if any, with any other Deferred Presentment provider does not exceed $500.

*By signing this Agreement you acknowledge that you have read, understand, and agree to all of its terms and conditions on the front and back of this Agreement including the Arbitration provisions. You further acknowledge that this Agreement contains all of the terms of the Agreement and that no oral representations or premises other than those contained in this Agreement have been made.*

**NOTICE: FEES FOR DEFERRED PRESENTMENT TRANSACTIONS MAY BE SIGNIFICANTLY HIGHER THAN FOR OTHER TYPES OF LOANS.**

See Reverse Side For More Terms and Conditions

X _____                    _____          _____     _____
Customer's Signature                                 Date                    Licensee's Signature                Date

bpc #13-0109 · AL · 8/21/2003 · BURRELL PRINTING CO., INC. · 800-531-5234

ABL 0065

## ADDITIONAL TERMS OF AGREEMENT - READ CAREFULLY

**ROLLOVER:** This agreement is due on the presentment date. We do not offer a rollover transaction. Under Alabama law, a "rollover" is defined as any deferred presentment transaction where the transaction is not paid in full and the licensee agrees to allow the customer to pay the fee only for a new deferred presentment transaction. We do not offer rollover transactions. If we allowed a rollover transaction, under Alabama law the deferred presentment check after one rollover, will be subject to the terms and conditions described in subsection (c) of Section 12 of the Deferred Presentment Services Act, which states: "After the initial loan period and one rollover with the same customer, the full outstanding amount of the loan, including, but not limited to, held check or debit authorization, shall become due. If the customer is unable to repay the outstanding balance in full, the licensee may offer the customer an extended repayment option of four equal monthly installments of the remaining balance."

**JOINT AND SEVERABLE.** If this agreement is signed by more than one customer, you each agree to be liable to us jointly, and each of you will also be liable to us individually for this agreement and other obligations under this agreement. We may require that any one of you pay the whole agreement without asking anyone else to pay. We may sue any one or more of you without giving up any of our rights against the others. This agreement is also binding upon the heirs and personal representatives in probate of all signers and upon anyone to whom any signer assigns his assets or who succeeds to him or her in any other way.

**WAIVERS.** We shall not waive any of our rights under this agreement by making an accommodation for you or someone else. No waiver, consent or approval by us or change or amendment of this agreement shall be effective unless it is in writing, and we have signed it.

**CREDIT REPORTING.** We may report your performance under this agreement to credit reporting agencies. You agree and hereby authorize us to obtain credit reports on you both now and at any time any portion of the Amount Financed remains owed to us. You specifically acknowledge and agree that we may disclose any default by you under this agreement, along with any other relevant information, to credit reporting agencies.

**ARBITRATION PROVISION:**

**WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Because the parties to the dispute select the arbitrator, they are responsible for paying the arbitrator. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a decision resolving the dispute. The arbitrator's decision is final and binding upon the parties, and may be enforced as a court judgment. A court rarely overturns an arbitrator's decision.

**THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**

1. For purposes of this Agreement, the words "dispute" and disputes" are given the broadest possible meaning and include, without limitation (a) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to the Applicant/Personal Information Form (the Application), this Agreement (including this arbitration provision and the fees charges) or any prior agreement or agreements between you and us; (b) all counter claims, cross-claims and third-party claims; (c) all common law claims, based upon contract, tort, fraud and other intentional torts; (d) all claims based upon a violation of any state or federal constitution, statute or regulations; (e) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (f) all claims asserted by you individually, as a private attorney general as a representative and/or member of a class of persons, or in any other representative capacity, against us and/or any of our employees, agents, officers, shareholders, directors, or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief.

2. Except as provided in Paragraph 4 below, all disputes, including the validity of this arbitration provision shall be resolved by binding arbitration. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of any of the following arbitration organizations to administer the arbitration: the **American Arbitration Association** at www.ADR.org, or the **National Arbitration Forum** at www.ARB-FORUM.com. However, the parties may agree to select a local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration will respond in writing by certified mail, return receipt requested within twenty (20) days. If you demand arbitration, you must inform us in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If we or a related third party demand arbitration, you must notify us within twenty (20) days in writing by certified mail return receipt requested of your decision to select an arbitration organization or your desire to select a local arbitrator. If you fail to notify us, then we have the right to select an arbitrator organization. The parties to such dispute will be governed by the rules and procedures of such arbitration applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this agreement, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

3. If we or a related third party demand arbitration, **we will advance all of the arbitration organization's filing or hearing fees.** If you demand arbitration, upon your written request to us, we will advance the arbitration organization's filing or hearing fees. Thereafter, payment of the arbitration organization's fees and expenses, including the arbitrator's fees, shall be governed by the rules of the arbitration organization selected. Each party shall bear his or her own expenses throughout the arbitration. At the close of the arbitration proceeding, the arbitrator, in his or her discretion, may divide between or among the parties the expenses associated with the arbitration, including (if allowed by applicable law or agreement) attorney's fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. Sections 1-16 ("FAA"), and applicable statutes of limitation. The arbitrator may decide, with or with out a hearing, any motion which is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any federal state rules of civil procedure or evidence. **THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN ARBITRATION. The arbitration hearing will be conducted in the county of your residence, or within 30 miles from such county, or in the county in which the transaction under the Agreement occurred, or in such place shall be ordered by the arbitrator.** The arbitrator's award may be filed with any court having jurisdiction.

4. **ALL PARTIES, INCLUDING RELATED THIRD PARTIES, SHALL RETAIN THE RIGHT TO SEEK ADJUDICATION IN A SMALL CLAIMS TRIBUNAL FOR DISPUTES WITHIN THE SCOPE OF SUCH TRIBUNAL'S JURISDICTION.** Any dispute which cannot be adjudicated within the jurisdiction of a small claims tribunal shall be resolved by the binding arbitration set out in this Agreement. Any appeal of a judgement from a small claims tribunal shall be resolved by binding arbitration.

5. This **WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT** is binding upon and benefits you, your respective heirs, successors and assignees. This arbitration provision is binding upon and benefits us and third parties. This arbitration provision continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This arbitration provision survives an termination, amendment, expiration or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise expressly agree in writing.

6. **You acknowledge and agree that by entering into this Agreement:**
(a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
(b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, Pursuant to Paragraph 4 above, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
(c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.

**PRIVACY STATEMENT:** We will not disclose to others the information that you provide to us except as disclosed in this statement. Sometimes it may be necessary to release your name and/or other information to government agencies in order to comply with the law. However, we will not release any information unless we are legally required to do so and will provide only the information that the agency requests. We may release your name and/or any other information that you provide to check your credit and verify the information supplied by you as part of this contract. We may release your name and/or or any other information that you provide in order to collect any money due us, either under this or any other agreement that you may have with us. We do not currently offer our customer list to other companies. However, we reserve the right to change this policy at any time.

**ASSIGNMENT.** We may assign or transfer this agreement or any of our rights hereunder. Your obligations under this agreement cannot be assigned to a third party without our prior written consent.

**GOVERNING LAW:** Both this Agreement and the Application were executed at our offices in the State of Alabama. The Application, the Agreement and this transaction and arrangement with us, shall be governed by and construed and enforced solely in accordance with the internal laws of the State of Alabama. YOU AGREE THAT THE STATE COURTS LOCATED IN THE STATE OF ALABAMA WILL HAVE EXCLUSIVE JURISDICTION AND VENUE OF ACTIONS TO ENFORCE THIS AGREEMENT.

**NOTICE: SEE ADDITIONAL TERMS ON THE REVERSE SIDE**

bpc #13-0109  AL  8/21/2003  BURRELL PRINTING CO., INC  800-531-5234

ABL 0066