FILED
2008 Dec-29  PM 06:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **KEISHA BUTLER**           ) | |
|                             ) | |
|    Plaintiff,           ) | |
|                             ) | |
| **vs.**                     ) | Civil Action Number |
|                             ) | **4:07-cv-01908-UWC** |
| **FIRST CREDIT, INC., d/b/a** ) | |
| **QUIK CASH,**              ) | |
|                             ) | |
|    Defendant.           ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In this case involving "payday loan" transactions,[1] Plaintiff Keisha Butler claims that Defendant First Credit, Inc., d/b/a "Quik Cash, was negligent, that it violated the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-5 *et seq.* (DTPA), and the Alabama Deferred Presentment Services Act, Ala Code § 5-18A-1

---

[1]    A "payday loan" is a short-term small loan handled with a minimum of paperwork; the loan agreement is [generally] a single sheet of paper, and the borrower receives cash within minutes of applying. The rate of interest is high, and the lender typically requires the borrower to write a check that can be submitted for payment after the borrower's next scheduled payday.

*Hahn v. McKenzie Check Advance of Ill., LLC,* 202 F.3d 998, 999 (7th Cir.2000).

("DPSA").[2]  Defendant denies these claims.

Based on the evidence presented at the December 15, 2008, nonjury trial of this action, the Court makes and enters the following Findings of Fact and Conclusions of Law

I..

1. Between October 31, 2005, and February 3, 2006, Quik Cash made at least nine separate $500 payday loans to Plaintiff.

2. Quik Cash's records reflect payday loans on October 31, 2005, November 18, 2005, December 9, 2005, December 27, 2005, and January 19, 2006.

3. The Court infers that Quick Cash has misplaced or destroyed the records reflecting additional payday loans to Plaintiff during this period; and that if those records had been produced in discovery and at trial, they would have reflected that Quik Cash consecutively rolled over several of Plaintiff's payday loans.

4. When a $500 loan was rolled over, Plaintiff paid only the accumulated interest of $87.50.

5. Debbie Daniels, Manager of the Quik Cash office on Meighan Boulevard in Gadsden, handled all of the payday loan transactions with Plaintiff.

---

[2] Defendant has been granted summary judgment on Plaintiff's claims of violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and breach of contract. Doc. 29.

6. Plaintiff's postdated check for the January 19, 2006, payday loan was subsequently dishonored by the financial institution on which it was written. Daniels sent to Plaintiff the following notice:

> Date:     3-9-06
> To:       Keisha Butler
> RE:       15 Day Collection Notice
> <u>Your immediate response is requested</u>
> We regret to inform you that the check you presented to us was dishonored by your bank. Call our office before 4:00 p.m. today to resolve the matter. If no attempt is made on your behalf, <u>WE WILL HAVE NO CHOICE BUT TO TAKE FURTHER LEGAL ACTIONS.</u> State law says, If the customer is unable to repay the outstanding balance in full on a deferred presentment check, the licensee may offer the customer an extended payment option of four equal monthly installments of the remaining balance.

Def, Ex. 7.

7. After the Collection Notice was sent, Daniels followed up with several telephones call to Plaintiff. In none of these calls did Daniels inform Plaintiff that she could repay the payday loan in four monthly installments. No other agent or employee of Defendant offer this opportunity to Plaintiff.

8. If Defendant had given Plaintiff the opportunity to repay the loan in four monthly installments, she would have done so.

9. In her final telephone conversation with Plaintiff, Daniels told her that the check would be turned to the District attorney for criminal prosecution.

10. Plaintiff was emotionally distraught by this threat of criminal prosecution. She contacted the office of the Etowah County District Attorney; and was informed that that office did not get involved with payday lenders. Then she contacted a lawyer.

11. Plaintiff was subsequently sued by Quik Cash in the District Court of Etowah County. In the complaint, it is alleged that "... the defendant owes the plaintiff the sum of $617.50 because: Defendant's check was cashed & drawn on NON-SUFFICIENT FUNDS. This constitutes a scheme & civil conspiracy to perpetuate a fraud & to deprive F.C.I. of its security interest." Pl.'s Ex. 3.

12. After answering the complaint, Plaintiff filed a petition in bankruptcy.

13. Plaintiff did not suffer a monetary loss as a result of her transactions with Defendant.

14. By failing to preserve for two years records of certain payday loan transactions with Plaintiff, Defendant violated Ala. Code, § 55-18A(11)(c), which requires Quik Cash to "preserve all relevant records for a period of two years after making the lst entry on any transaction...."

15. By threatening to subject Plaintiff to criminal prosecution for a worthless

check, Defendant transgressed Ala. Code, § 55-18A(13)(g),[3] and Alabama State Banking Department regulations. Pl. Ex. 6, ¶ 6.

16. Defendant breached the duty of care owed to Plaintiff by failing to afford Plaintiff the opportunity to repay the payday loan in four equal monthly installments, and by threatening Plaintiff with criminal prosecution for issuing a worthless check.

17. As a result of Defendant's negligence, Plaintiff suffered mental anguish damages in the amount of $500.

18. By clear and convincing evidence, Defendant's conduct merits a punitive damage award in the amount of $2,500.

19. Plaintiff has failed to carry her burden of proof on her claim of violation of the Alabama Deceptive Trade Practices Act. *See,* Ala. Code. §§ 8-19-10, 8-19-5. She has failed to prove that she suffered "monetary damage," as that term is used in commercial transactions. *Billions v. White and Stafford Furniture Co., Inc.* 528 So.2d 878, 880 (Ala. Civ. App.1988). Moreover, Plaintiff has not shown compliance with the notice provision of the Act. *See,* Ala. Code § 8-19-10(e),[4] *Sheehan v. Bowden,*

---

[3] This statute provides, *inter alia,* that criminal prosecutions will not lie for insufficient funds in deferred presentment transactions.

[4] This section provides:

> At least 15 days prior to the filing of any action under this section, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied on and the injury suffered, shall be communicated

572 So.2d 1211, 1213 (Ala.1990).

20. Plaintiff's application for attorney's fees is due to be denied, since there is no statute authorizing such fees on the prevailing claims.

Based on these Findings and Conclusions, a Final Judgment shall issue for Plaintiff and against the Defendant; and Plaintiff's Motion for Award of Attorney Fee and Expenses, Doc. 36, will be denied.

_____
U.W. Clemon
United States District Judge

---

to any prospective respondent by placing in the United States mail or otherwise.